IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN PAUL THOMAS, | ) | 8:14CV179 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. A. JAMES GREGOR, and | ) | |
| LUCILE BERTUCCIO, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff John Paul Thomas ("Plaintiff") filed his Complaint in this matter on June 12, 2014. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed this action against James Gregor and Lucile Bertuccio. Plaintiff resides in Nebraska, Gregor resides in California, and Bertuccio resides in Indiana. (Filing No. 1 at CM/ECF p. 1.)

Plaintiff alleges an individual left him $30,000.00 in an "education trust fund," which is held in trust by Gregor. Gregor gave the money to Bertuccio, Plaintiff's sister. Plaintiff claims Gregor and Bertuccio stole Plaintiff's $30,000.00. He asks that they be required to provide an accounting of the money and to reimburse him for the money they have taken. (Filing No. 1 at CM/ECF pp. 1-2.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failure to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citation omitted). Pro se litigants must comply with the Federal Rules of Civil Procedure. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

## III.    DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1).

Here, Plaintiff does not provide a short and plain statement of the grounds for the court's jurisdiction.   Rather, he merely alleges "[u]nder state and federal laws [Defendants] must provide an accounting of the money and a legal defense for why the money is gone or reimburse the Plaintiff."  (Filing No. 1 at CM/ECF p. 2.)

### A.   Diversity of Citizenship Jurisdiction

Subject-matter jurisdiction may be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, the citizens are diverse.  However, Plaintiff has not alleged an amount in controversy exceeding $75,000.00.   Thus, subject-matter jurisdiction is not proper pursuant to 28 U.S.C. § 1332.

### B.   Federal Question Jurisdiction

Subject-matter jurisdiction is also proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).  The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990).

Here, Plaintiff does not set forth any allegation that could be liberally construed to violate any federal statute.  Even if the court could construe Plaintiff's Complaint as

setting forth claims for fraud, unjust enrichment, conspiracy, and breach of fiduciary duty, these claims do not present a federal question.

IT IS THEREFORE ORDERED that:

1.     Plaintiff will have 30 days from the date of this Memorandum and Order to amend his Complaint to set forth a short and plain statement of the grounds for the court's jurisdiction.  Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this matter without further notice to Plaintiff.

2.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff address the matters set forth in his Memorandum and Order.

3.     The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: October 13, 2014: deadline for Plaintiff to amend.

4.     Plaintiff must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

DATED this 11th day of September, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.